**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 6 2016

JAMES W. McCORMACK, CLERK

By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

DAVIS NEUROLOGY, P.A. on behalf of )
itself and all other entities and persons )
similarly situated, )
                      )
         Plaintiff, )
                      )
v. )
                      )
DOCTORDIRECTORY.COM, LLC, )
EVERYDAY HEALTH, INC. and JOHN )
DOES 1-10, intending to refer to those )
persons, corporations or other legal Entities )
that acted as agents, consultants, )
Independent contractors or representatives, )
                      )
         Defendants. )

CASE NO. 4:16 cv 682 -JM
(Related to 4:16-CV-00095)

This case assigned to District Judge Moody
and to Magistrate Judge Kearney

## NOTICE OF REMOVAL FROM STATE COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1331, the above-captioned action,
which is currently pending in the Circuit Court for the County of Pope in the State of Arkansas,
is hereby removed by Defendants, DoctorDirectory.com, LLC and Everyday Health, Inc.
(hereinafter "Defendants") to the United States District Court for the Eastern District of
Arkansas, by the filing of this Notice of Removal with the Clerk of the United States District
Court for the Eastern District of Arkansas. As grounds for removal, Defendants state as follows:

1.       On or about January 21, 2016, Plaintiff filed an action in the Circuit Court for the
County of Pope, State of Arkansas, entitled *Davis Neurology, P.A., on behalf of itself and all
other entities and persons similarly situation v. DoctorDirectory.com, LLC, et al.*, Case No. 58-
cv-2016-40 (the "State Court Action").

2.       On February 24, 2016, Defendants removed this action to this Court pursuant to
28 U.S.C. § 1331. (*Davis Neurology v. DoctorDirectory, et al.*, Case No. 4:16-CV-00095, Dkt.
No. 1). The case was a civil action over which this Court had original federal question

jurisdiction pursuant to 28 U.S.C. § 1331, because the Plaintiff's Amended Complaint purported to assert federal causes of action against Defendants arising out of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). *See* Exhibit 1, First Amended Complaint ("FAC") at ¶¶5; 9-11; 37-39; *see also Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012) (holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA).

3.      Pursuant to 28 U.S.C. § 1446(b)(3), Defendants were required to remove the case within thirty days of receiving the Complaint in order to avail themselves of their right to a federal forum. Defendants' original removal was within that time period, and, as a result, was timely.

4.      At the time that Defendants filed their original removal petition, the law in the Eighth Circuit was that a plaintiff could maintain a lawsuit based only on a statutory violation even if it has not suffered any "injury-in-fact." *See, e.g., Hammer v. Sam's East, Inc.*, 754 F.3d 492, 499 (8th Cir. 2014) (customers had Article III standing to bring claim based on a statutory violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681c(g)(1)); *Golan v. Veritas Entertainment, LLC*, 788 F.3d 814, 820-821 (8th Cir. 2015) (bare statutory violation of the TCPA sufficient to confer Article III standing).

5.      On May 16, 2016, the U.S. Supreme Court in *Spokeo v. Robins*, 136 S. Ct. 1540 (U.S. 2016), rejected the notion that a plaintiff automatically satisfies the injury-in-fact requirement for Article III standing whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. *Id.* at 1549-1550. As the Supreme Court recognized, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549. According

to the Supreme Court, a plaintiff also <u>must</u> allege an injury that is both concrete and particularized in order for Article III standing to exist. *Id.* at 1548.

6.      On June 6, 2016, shortly after *Spokeo* was decided, Defendants filed their Motion for Judgment on the Pleadings. (Dkt. No. 22).  In that Motion, Defendants argued that the fax at issue does not fall within the scope of the TCPA. *Id.*  In addition, Defendants were obligated to notify the Court that, because the FAC appeared to rely upon the allegation of a bare statutory violation of the TCPA and failed to allege facts that would indicate that the named plaintiff suffered actual harm (as opposed to merely seeking a statutory liquidated damage for a statutory violation that did not impact him), Plaintiff may, as a result of *Spokeo*, lack standing to pursue a claim. *See, e.g.,* American Bar Association Model Rule of Professional Conduct 3.3 ("A lawyer shall not knowingly…fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel"); *Resolution Trust Corp. v. Bright*, 6 F.3d 336, 341 (5th Cir. 1993) (federal court may hold attorneys accountable to the state code of professional conduct).

7.      The Court chose not to address the pending Motion for Judgment.  Instead, the Court *sua sponte* remanded the case back to state court holding that the Plaintiff "must have standing" for the case to remain in federal court, and that Defendants had the "burden of proving" that standing existed. (Dkt. No. 24.)  As concrete injury was not required for standing on February 24, 2016, at the time that the case was initially removed, and because Plaintiff failed to clearly indicate whether it was, or was not, alleging that it suffered an injury that had a concrete impact on it (*i.e.,* that it was entitled to actual damages above, and beyond, any statutory damages), Defendants could not show federal court standing at that time.

8.      In state court, Defendants filed a Motion for More Definite Statement in order to determine whether Plaintiff alleged that it suffered an injury-in-fact, and, as a result, to determine

3

once and for all which court is the proper forum for this dispute.  The court set the hearing on the Motion for More Definite Statement for October 11, 2016.

9.      Plaintiff opposed the Motion for More Definite Statement.  (See Exhibit 2, Plaintiff's Consolidated Response in Opposition to Defendants' Outstanding Motions).  In its Opposition, Plaintiff affirmatively stated that it <u>was</u> alleging a concrete injury that was separate and apart from a statutory violation.  Plaintiff argued, therefore, that the Motion was "moot:"

> Like other TCPA 'junk fax' cases, plaintiff's Complaint makes clear that it seeks recovery of <u>actual injury-in-fact in addition to</u> its statutory remedy."  (*Id.* at p. 6, n.2 (Sept. 2, 2016) (emphasis added).

10.     Where information indicating that a case meets the statutory and constitutional requirements to be removed is not contained, or is ambiguous, on the face of a complaint, may be obtained from any "motion, order, or other paper" filed with the court "from which it may be first be ascertained that the case . . . has become removable."  28 U.S.C. § 1446(b)(3).  Plaintiff's footnote in its Consolidated Response is the first definitive notice that Defendants received that Plaintiff is alleging an injury-in-fact for a concrete harm that is separate and distinct from the violation of a statutory right for which no harm has been suffered.  Therefore, federal jurisdiction exists under *Spokeo v. Robins*, because Plaintiff has now clearly alleged an injury-in-fact in addition to a statutory violation.  *Spokeo v. Robins*, 136 at 1548-1550.

11.     Plaintiff's Consolidated Response was filed on September 2, 2016.  Thus, this removal is timely, because it is within 30 days after Defendants first received notice that Article III standing exists under *Spokeo v. Robins*.  *See* 28 U.S.C. § 1446(b)(3).

12.     The Court inherits the case in the posture that it was pending in state court.  *See, e.g., Granny Goose Foods v. Teamsters*, 415 U.S. 423, 436, 94 S. Ct. 1113, 1122 (1974); *Alpert v. Resolution Trust Corp.*, 142 F.R.D. 486 (587 (D.Colo. 1992) ("[A]fter removal, the

4

federal court merely takes up where the state court left off.").  As a result, the following is a list of the current outstanding motions and their status:

**Outstanding Motions**
**(Decisional motions in grey)**

| Item | Motion | Opposition | Reply | Status |
|---|---|---|---|---|
| 1.  Motion for Judgment on the Pleadings[1] | Filed June 6, 2016 | Filed June 23, 2016 | Defendants intend to seek leave of the Court to file a reply brief to address arguments raised in the Opposition. | Decisional |
| 2.  Motion for Class Certification | Filed Aug. 12, 2016 | No deadline set; pending motion for enlargement of time | N/A | Not ripe |
| 3.  Motion for More Definite Statement | Filed Aug. 19, 2016 | Filed Sept. 2, 2016 | Mot. Withdrawn as Moot on Sept. 23, 2016 | Moot |
| 4.  Motion to Stay Resolution of Motion for Judgment on the Pleadings | Filed Aug. 19, 2016 | Filed Sept. 2, 2016 | Mot. Withdrawn as Moot on Sept. 23, 2016 | Moot |
| 5.  Motion to Continue Stay of Discovery | Filed Aug. 24, 2016 | Filed Sept. 2, 2016 | Filed Sept. 23, 2016 | Decisional |
| 6.  Motion for Enlargement of Time to Oppose Motion for Class Certification | Filed Aug. 24, 2016 | Filed Sept. 2, 2016 | Filed Sept. 23, 2016 | Decisional |
| 7.  Motion to Compel | Filed Sept. 2, 2016 | Filed Sept. 23, 2016 | N/A | Decisional |

13.    Because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and because all other prerequisites for removal have been satisfied, this action is removable under 28 U.S.C. § 1441.

---

[1]    On August 19, 2016, Defendants filed a Motion to Stay Decision on the Motion for Judgment on the Pleadings that asked the state court to wait until it became clear whether this case belonged in state or federal court before deciding the pending motion.  By re-removing this case the Motion to Stay has become moot and, as a result, it has been withdrawn.

357223.2

14.    A Notice of Filing of Removal and a copy of this Notice of Removal from State Court will be filed with the Pope County Circuit Court as required by 28 U.S.C. § 1446(d).  *See* Exhibit 3.  Copies of the same will be served upon all counsel of record upon the filing of this Notice.

THEREFORE, Defendants, DoctorDirectory.com, LLC and Everyday Health, Inc. hereby remove the State Court Action from the Circuit Court of Pope County, State of Arkansas, to this Court, and request that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State court.

September 23, 2016                          Respectfully submitted,

By:  *Maria Z. Vathis*

Maria Z. Vathis (*admitted Pro Hac Vice*)[2]
Illinois State Bar No. 6276866
BRYAN CAVE LLP
161 N. Clark Street, Suite 4300
Chicago, Illinois 60601
Tel:  (312) 602-5000
E-mail: maria.vathis@bryancave.com

David A. Zetoony (*admitted Pro Hac Vice*)[2]
(CO Bar No. 48108)(PHV)
One Boulder Plaza
1801 13th Street, Suite 300
Boulder, CO 80302-5386
Tel:     (202) 508-6030
Fax:    (303) 417-8330
E-mail: david.zetoony@bryancave.com

ATTORNEYS FOR DEFENDANTS
DOCTORDIRECTORY.COM, LLC AND
EVERYDAY HEALTH, INC.

---

[2]    Counsel was admitted *pro hac vice* by this Court.  (Dkt. No. 9.)

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2016, a true and correct copy of the foregoing document was served via Federal Express Overnight Mail to the Clerk of U.S. District Court for the Eastern District of Arkansas and via U.S. Mail to the following:

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main
Russellville, Arkansas 72801

Joe P. Leniski, Jr. (TN Bar No. 22891)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 2nd Avenue North, 4th Floor
Nashville, TN 37201

_Maria Z. Vathis_
Maria Z. Vathis

7

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

DAVIS NEUROLOGY, P.A. on )
behalf of itself and all other entities and )
persons similarly situated, )
)
        Plaintiffs, )    CASE NO. 58cv-2016-40
)    JURY DEMAND
vs. )
)
DOCTORDIRECTORY.COM, LLC, )
EVERDAY HEALTH, INC and )
JOHN DOES 1-10, intending to refer )
To those persons, corporations or other legal )
Entities that acted as agents, consultants, )
Independent contractors or representatives )
)
        Defendants. )
)

## FIRST AMENDED CLASS ACTION COMPLAINT

    COMES Now David Neurology, P.A. on behalf of itself and all other persons or entities similarly situated, as Representative Plaintiff, and files this Class Action Complaint against the Defendants, DoctorDirectory.com, LLC, Everyday Health, Inc., and John Does 1-10 and would respectfully show the following:

### PARTIES, JURISDICTION AND VENUE

    1.    Plaintiff Davis Neurology, P.A. is business offering services in Arkansas. The business is located at 220 North Phoenix Avenue, Russellville, AR 72801. Hereinafter, Davis Neurology, P.A. will be referred to as "Representative Plaintiff."

    2.    Defendant DoctorDirectory.com, LLC, (hereinafter, "Doctor Directory") is, upon information and belief, a for-profit North Carolina Corporation, organized under Delaware Law, having a registered agent address of 327 Hillsborough Street Raleigh, NC 27603. It also has a principle office address of 1 Page Avenue Suite 280, Asheville, NC.

1



3.      Defendant Everyday Health, Inc. (hereinafter, "Everyday Health") is, upon information and belief, a for-profit New York Corporation, with an address of 345 Hudson Street 16th Floor New York, NY 10014 and a service of process address of C/O Corporation Service Company, 80 State St., Albany, NY, 12207-2543

4.      Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representative of Doctors Directory/Everyday Health and/or who assisted Doctors Directory/Everyday Health in creating, publishing, broadcasting and faxing the document received on the fax machine by Representative Plaintiff whose identities at this time are unknown but will be substituted by amendment when ascertained.

5.      The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

6.      This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 et seq. This Court has jurisdiction over the Defendants because at all relevant times, they conducted business in Arkansas.

7.      Venue is proper in this County pursuant to Ark. Code Ann. §16-55-213, et seq., in that the plaintiff is has its principal place of business in and does conduct business in this County.

## FACTUAL ALLEGATIONS

8.      The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code.  47 U.S.C. § 227 was last amended in 1994.

2

In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

9.      In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

10.      As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).)

11.      Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

11.      Representative Plaintiff has, and at all relevant times had, telephone service at 479.880.0101 and fax service at 479.880.0118 for its offices located at 220 North Phoenix

3

Avenue, Russellville, AR 72801 in Pope County, Arkansas. Representative Plaintiff receives facsimile transmissions ("faxes") at that number, using a telephone facsimile machine ("fax machine").DoctorsDirectory.com is a for-profit "privately-held, multi-channel pharmaceutical marketing services company" that targets the healthcare industry, collects personal contact and internet usage data (i.e. "cookies") from users through the use of market research surveys and other collection means, and then uses this information to "deliver customized advertising to [users] on this Site, on the Services and on other digital and offline media channels." .

12.    By accessing or using any part of DoctorsDirectory.com, users agree to the Medical Professional User Agreement and Privacy Policy posted on that website, which make it clear that the website's purpose is the collection of user data to use for marketing purposes.[1]

13.    DoctorsDirectory.com markets a numbers of services to assist it in the collection of user contact and internet usage data. including "tools. applications. email. direct mail. phone calls. faxes. text messages. bulletin and message boards, chat areas. news groups. forums. communities. calendars and downloadable mobile applications related to the Site or provided through the Site."

14.    DoctorDirectory.com also shares with third-party advertisers users' personal information personal information (such as name, specialty, NPI number, and country of residence) and users' internet usage data and cookies, but disclaims that it "not control these advertisers or other parties' use of cookies or web beacons or what they do with the information they collect."

15.    DoctorDirectory.com discloses that it will "sometimes gather Personal Information on behalf of a sponsor in association with an offer or promotion," and that when

---

[1] See https://www.doctordirectory.com/hcp/physician/hcpro-privacy.aspx and
https://www.doctordirectory.com/HCP/physician/hcpro-termsofuse.aspx

users participate in a survey, they may provide the users' personal information and registration data "to third parties including the survey sponsor or the promotion sponsor."

16.     User information collected includes, but is not limited to name, password, postal address, degree, specialty, e-mail address, phone number, fax number, State of Licensure, NPI, DEA, AMA and/or ME Number, affiliations, conditions treated, health plans, languages spoken and demographic information.

17.     Once DoctorDirectory.com successfully solicits and individual to its site, including through faxes such as the one at bar, it uses the personal contact and internet usage information it collects to send users "promotional/marketing information, newsletters, research opportunities, pharmaceutical product and clinical information, opportunities to request authorized pharmaceutical samples, medical education opportunities and other offers and information regarding opportunities and functionality that we think would be of particular interest to" the particular user," which it delivers through "email messages, online messaging, faxes, texts, telephone, and/or direct mail."

18.     The Medical Professional User Agreement and Privacy Policy states that "Each time you visit the Site or use the Services, you agree and expressly consent to our collection, use and disclosure of the information that you provide as described in this Policy."

19.     Alan Shapiro is the President of Doctors Directory.  His LinkedIn page says he is also the Executive Vice President, General Counsel & Chief Privacy Officer at Everyday Health, Inc.[4]

20.     According to Doctor Directory's Application for Certificate of Authority for Limited Liability company, Alan Shapiros' business address is 345 Hudson Street 16th Floor New York, NY 10014, which is the same address for Everyday Health.

---

[4] https://www.linkedin.com/in/alan-shapiro-963039b8

5

21.     When one clicks on the "about us" link at the bottom of the www.DoctorsDirectory.com, the visitor is taken to another page where Everyday Health is referenced.[5]

22.     Everyday Health, Inc. operates a website substantially similar to DoctorDirectory.com in that it advertises products or services, and provides "marketers with a trusted platform to promote their offerings to consumers and healthcare professionals, including a suite of customized marketing solutions that utilize our database to target their desired audience."

23.     In 2014, Everyday Health, Inc. announced that it was acquiring DoctorDirectory in order to "accelerate our strong momentum in the professional market by significantly increasing our physician reach and enhancing the sophisticated ROI [return on investment]-based marketing solutions we offer advertisers seeking to engage with healthcare professionals."

24.     Doctors Directory and Everyday Health jointly participated in creating and transmitting the fax.

25.     On or about November 17, 2015, Representative Plaintiff received on its fax machine a fax transmission from Defendants requesting that Plaintiff access Defendants website to participate in a study in return for $15 Honorarium.

26.     Although the fax may attempts to makes it appear as though its primary purpose is is clinical research and providing a $15 Honorarium in exchange for participation in a survey, the Medical Professional User Agreement and Privacy Policy makes it clear that the survey offered in the fax is a mere pretext for advertising the commercial availability or quality of DoctorDirectory's services, and the collection of users' private information for the use in commercial advertising.

---

[5] http://contactdd.com/

6

27.     The fax received by Representative Plaintiff from Defendants on or about November 17, 2015 was wholly unsolicited. A true and correct copy of this fax advertisement is attached hereto as Exhibit A.

28.     Exhibit A does not contain an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

29.     Exhibit A does not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

30.     Defendants, and/or its employees and/or its agents, created Exhibit A and had the capability to control the contents thereof.

31.     Defendants, and/or its employees and/or its agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

32.     Upon information and belief, Defendants sent fax transmissions of Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Arkansas and other States offering their business.

33.     Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

34.     Representative Plaintiff further alleges that in each instance Defendants did so willfully or knowingly.

35.     Plaintiff further alleges on information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit unsolicited advertisements to telephone facsimile machines (by, for example, knowing the that the transmitted faxes were advertisements or participating in preparing their content, providing or obtaining the fax telephone number of Representative Plaintiff or other recipients, and

7

knowing that Plaintiff or other recipients had not authorized the faxes' transmission by prior express invitation or permission).

36.     Representative Plaintiff therefore alleges that defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

## CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS

37.     Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of a Class of individuals defined as follows:

> All persons, natural or otherwise, in the United States and its territories who received one or more unsolicited facsimile transmissions from Defendants advertising goods and services for a commercial purpose with content substantially similar to that contained in Exhibit A during the period from January 21, 2012 through the present.

Excluded from the Class are: (1) Doctor Directory and Everyday Health and any entity in which Doctor Directory and/or Everyday Health have a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

38.     Upon information and belief, Representative Plaintiff alleges that noncompliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Arkansas and, presumably, other states through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA. Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is impractical in satisfaction of Fed. R. Civ. P. 23(a)(1). The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.

39.     Representative Plaintiff's claims are typical of the claims. of the Class, as required by Fed. R. Civ. P. 23(a)(3), in that Representative Plaintiff received an unsolicited facsimile advertisement from Defendants advertising goods and services for a commercial purpose during the proposed Class Period.

40.     The factual and legal bases of Defendant's misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members.

41.     Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Fed. R. Civ. P. 23(a)(2) and 23(b)(3). Such common questions including, but are not limited to:

i.      Whether Defendants had a business practice of sending unsolicited facsimile advertisements for its commercial goods and services in violation of the TCPA;

ii.     Whether the unsolicited facsimile advertisements sent by Defendants contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);

iii.    Whether Defendants harmed Representative Plaintiff and the Class;

iv.     Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;

v.      Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and

vi.     Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

42.     Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

9

43.     The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from Defendants are easily identifiable based on existing telephone records.

44.     Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4). Moreover, Representative Plaintiff has retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

## COUNT 1
## VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200

45.     Representative Plaintiff realleges and incorporates Paragraphs 1 through 36 above as if fully set forth herein.

46.     The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

47.     As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to $500.00 in damages for each fax transmission in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).

## COUNT 2
## TREBLE DAMAGES

48.     Representative Plaintiff realleges and incorporates Paragraphs 1 through 42 above as if fully set forth herein.

10

49.    Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

50.    As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C.§227(b)(3)(C).

51.    The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a.    That the court enters an Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as class action claims. set forth regarding Counts 1 and 2 as provided by Ark. R. Civ. P. 23;

b.    Pursuant to Count 1, that the Court enter judgment in favor of Representative Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax transmission in violation of the Telephone Consumer Protection Act;

c.    Pursuant to Count 2, that the Court find that Defendants willfully or knowingly violated the Telephone Consumer Protection Act and increase the statutory damages against the Defendants to a total of $1,500.00 for each and every fax transmission in violation of the Telephone Consumer Protection Act;

d.    Trial by jury as to all issues so triable; and

11

e.      That the Representative Plaintiff and the members of the proposed Class be

granted such other and further relief as is just and equitable under the circumstances.

Respectfully submitted,

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main
Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com
James@StreettLaw.com

Joe P. Leniski, Jr. (TN Bar No. 22891)(PHV)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 2nd Avenue North, 4th Floor
Nashville, TN 37201
(615) 254-8801
jleniski@branstetterlaw.com

Attorneys for Plaintiff

12

# DOCTOR**DIRECTORY**.COM



physician bulletin
system

**ANTHONY DAVIS, MD**

■ **STUDY TOPIC:** Short Study on Complimentary Alternative Medicine

■ **HONORARIUM:** $15

■ **TIME TO COMPLETE:** 2 Minutes
Since study quotas can fill quickly, we recommend that you
**respond as soon as possible** in order to maximize your
opportunity for participation.

■ Go to: **http://www.DDstudy.com** then enter your project code and access key

■ **PROJECT CODE:** PG2176F1          **ACCESS KEY:** GZZJ724

| This invitation is specifically for the person named above. If you are not the person named above and you are interested in completing this study please call us at 800-497-9907 so we may determine your eligibility. | TECHNICAL PROBLEMS? If you experience difficulty logging into or participating in this study, please call our Physician Relations team at 800-497-9907 | HONORARIUM PAYMENT This survey may include a few screener questions to confirm you meet the criteria for this study. All participants will be paid once for survey completion. |
| --- | --- | --- |

This message has been sent to you from DoctorDirectory.com, LLC Market Research Services. If you wish to be excluded from future research survey invitations by fax, please check the box indicating the reason from the choices offered below & fax back to us at 800-820-8434.

Or you may call 888-796-4491, ext. 500. If you call, please remember to specify if you want the fax number or provider removed and leave the physician's name, fax number and the Project Code and Access Key indicated above

□ Please remove this **provider** from faxed invitations to this number. (Please check this box if this fax number represents more than one provider and other providers would like to continue to receive invitations to studies that pay cash honoraria)

□ Please remove this **fax number** from future invitations



EXHIBIT

A

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

DAVIS NEUROLOGY, P.A. on )
behalf of itself and all other entities and )
persons similarly situated, )
)
   Plaintiffs, )  CASE NO. 58CV-2016-*40*
)   JURY DEMAND
vs. )
)
DOCTORDIRECTORY.COM, LLC, )
EVERYDAY HEALTH, INC and )
JOHN DOES 1-10, intending to refer )
to those persons, corporations or other legal )
entities that acted as agents, consultants, )
independent contractors or representatives )
)
   Defendants. )
)

## PLAINTIFF DAVIS NEUROLOGY, P.A.'S CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' OUTSTANDING MOTIONS

  Plaintiff Davis Neurology, P.A. ("Plaintiff" or "Davis Neurology") files this consolidated

response in opposition to four separate motions brought by defendants DoctorDirectory.com,

LLC and Everyday Health, Inc. ("DoctorDirectory.com," "Everyday Health," collectively

"defendants"). Each motion fails for the same core set of reasons.

## ARGUMENT

### A. Defendants' Motions to Stay Are Moot and/or Lack Merit Under Arkansas Rules

  Three of the defendants' motions which seek to stay certain proceedings here are moot,

as they mirror motions brought before the *federal* court under *Federal* Rules of Civil Procedure

before that court determined that it lacked jurisdiction over this case and remanded it to Pope

County Circuit Court. This Court does not resolve motions filed under the Federal Rules of

Procedure in a federal court which determined it had no jurisdiction. This is an Arkansas


EXHIBIT
2

court matter to which Arkansas rules apply. Motions filed before the Federal Court are inapposite and moot.

### 1. The procedural history of this case.

Plaintiff first filed this action alleging violations of the Telephone Consumer Protection Act ("TCPA" or "the Act"), 47 U.S.C. § 227, and the Junk Fax Protection Act, 47 U.S.C. § 227(b)(1)(C) (hereinafter "JFPA") in Pope County Circuit Court on January 21, 2016, and subsequently filed an amended complaint on February 10, 2016. There is no dispute that this Arkansas State Court has jurisdiction over plaintiff's TCPA and JFPA claims. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

The complaint sets forth numerous and detailed allegations that defendants, two for-profit "pharmaceutical marketing" companies, violated the TCPA by sending unsolicited faxes advertising the commercial availability of their services to the fax machines of Plaintiff and others in the putative class without the required opt-out information, thus violating their rights under the TCPA. The complaint seeks statutory damages arising under the TCPA, compensatory damages, and other such further relief as is just and equitable under the circumstances.

On February 24, 2016, defendants removed this action to the Federal District Court for the Eastern District of Arkansas, contending that the federal court had original federal question jurisdiction pursuant to 28 U.S.C. § 1331. [ECF Dkt. No. 1]. Defendants then filed their answers and affirmative defenses to Plaintiff's complaint on March 2, 2016 [ECF Dkt. Nos. 10 and 11]. However, on June 6, 2016, defendants filed a motion for judgment on the pleadings contending, among other things, that Plaintiff *lacked* standing to assert its claim in federal court. [ECF Dkt. No. 22]. Therefore, noting that federal courts have limited jurisdiction and that defendants were

2

essentially attempting to both assert Federal Court standing and deny it in the same breath, the district court found that the defendants could not meet their burden for removal and issued an order remanding the case back to Pope County Circuit Court.  [Dkt. No. 24].

### 2. The Court should not waste time staying a ruling on defendants' motion for judgment on the pleadings because defendants admit it must be refiled.

The first motion to stay is truly a nullity, as it asks the Court to reserve ruling on defendants' motion for judgment on the pleadings that was filed in federal court, but which defendants admit was premised on federal law.  As defendants acknowledge, "the legal analysis differs" under federal and state law, therefore they also moved the Court for the "opportunity to submit supplemental briefing concerning the pending Motion for Judgment on the Pleadings" to address Arkansas state law.  Neither the Court nor the parties should waste resources resolving this issue unless and until defendants actually file a motion for judgment on the pleadings before this Court under Arkansas law.  The Court should deny the motion as moot.

### 3. The Court should not issue any stay here because Arkansas rules and law mandate that discovery and class certification proceed before or at the same time as litigation on the merits.

Defendants filed two additional motions to stay (halt all discovery and postpone defendants' deadline for responding to Plaintiff's pending motion for class certification) until after the Court rules on both defendants' Motion for Judgment on the Pleadings filed in federal court (as discussed above an inapposite and moot pleading), and defendants' Motion for More Definite Statement filed here on August 19, 2016.  However, a stay pending the resolution of these motions (devoid of merit as they are) would be inimical to the Arkansas rules and state law,

3

pursuant to which is it is not only allowable but required that the Court conduct class certification discovery and hearings prior to conducting any analysis of the merits of the case.[1]

Arkansas law is clear that the Court should resolve class certification without first stopping to resolve any challenge on the merits of Plaintiff's claim. Ark. R. Civ. P. 23(b) mandates that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." The Arkansas Supreme Court has also been clear that a trial court "does not delve into the merits of the underlying claims when addressing certification," and "may not consider whether the plaintiffs will ultimately prevail, or even whether they have a cause of action." *United Am. Ins. Co. v. Smith*, 2010 Ark. 468, 16 (Ark. 2010) (citing *FirstPlus Home Loan Owner 1997-1 v. Bryant*, 372 Ark. 466, 277 S.W.3d 576 (2008) and *Fraley v. Williams Ford Tractor & Equipment Co.*, 339 Ark. 322, 5 S.W.3d 423 (1999)). The Arkansas Supreme Court in *Fraley* reversed the trial court's denial of class certification, holding that the judge had delved into the merits of the underlying complaint in order to determine whether the defendants had affirmative defenses to the allegations raised by the plaintiffs. Because the motion for judgment on the pleadings and the motion for more definite statement purport to challenge the merits of Plaintiff's claim of injury, they provide no reason to delay resolution of class certification.

Similarly, defendants have identified no meaningful burden or prejudice which would allow for the extreme remedy of denying appropriate and timely discovery. Even though trial court has discretion in whether to grant or deny a motion for stay (*State v. Nelson*, 246 Ark. 210, 438 S.W.2d 33 (1969)), the "proponent of a stay bears the burden of establishing its need."

---

[1] As discussed above, the defendants' motion for judgment on the pleadings is not ripe or properly pending with this Court because defendants admit they must file again here utilizing Arkansas law. Plaintiffs discuss below that the motion for a more definite statement is both untimely and completely meritless. Neither motion gives reason for the Court to issue a stay.

*Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) (internal citations omitted). Defendants must therefore demonstrate a "clear case" of "specific hardship or inequity" they would incur if the parties commenced with discovery. *See Clinton*, 520 U.S. at 708; *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996).

Defendants' motion fails to present any burden, let alone a "clear case of hardship" necessitating a stay in discovery here. Plaintiffs had previously served defendants with eighteen (18) requests for production under Ark. R. Civ. P. 34 and twenty-four (24) requests for interrogatories under Ark. R. Civ. P. 33 along with the original Complaint back in January, 2016. The discovery Plaintiff seeks is directly relevant to class certification and class damages. Although defendants refused to answer any outstanding discovery requests while the case was in federal court, now that the case has been remanded, bald allegations of mere inconvenience or expense due to ordinary, anticipated discovery are insufficient to justify a stay under Arkansas rules and law. No party is "prejudiced" by having to participate in ordinary discovery. The motions to stay should therefore be denied.

### 4. The motion for a more definite statement is both untimely and meritless given that both the well-plead allegations in the Complaint and defendants' own conduct demonstrate that defendants have "fair notice" of the claims against them

The final motion by defendants—a motion for more definite statement as to whether Plaintiff has alleged "actual injury"—is not only untimely, but totally devoid of merit. Such a motion is warranted only at the outset of a case before an answer is filed, and only if the complaint is so "vague and ambiguous" that defendant does not have "fair notice" of the claims against it. Ark. R. Civ. P. 12(e). None of these factors are met here.

Not only have defendants already answered the complaint in full, they exhibited a complete understanding of the claims against them by foregoing a 12(e) motion and filing

5

answers specifically denying that plaintiff has any damages under the TCPA.[2] *See White v. Welsh*, 327 Ark. 465, 469, 939 S.W.2d 299, 301 (Ark. 1997) (rejecting appellants' argument that the complaint was "conclusory," because appellants "could have moved for a more definite statement under Ark. R. Civ. P. 12(e), but failed to do so. Instead, appellants answered the original complaint against them, denying each allegation."). Moreover, defendant raised the affirmative defense that Plaintiff has failed to mitigate its damages, which is predicated entirely on an understanding that Plaintiff alleged a compensable injury in the first place.

Defendants cannot talk out of both sides of their mouths, claiming surprise or lack "fair notice" of Plaintiff's claims (which are over eight months old at this point), while simultaneously attacking the validity of Plaintiff's allegations and defending against this case on the merits. It is clear that the complaint has amply provided defendants "fair notice" of the claims in this lawsuit, and thus the motion for a more definite statement must and should be denied as a matter of both law and common sense. By inventing an artificial pleading issue, what defendants are actually attempting to do is collaterally attack the federal remand order (which they did not appeal) and manufacture some purported ground for another attempt at a removal. The Court should reject such procedural gamesmanship.

## CONCLUSION

For these reasons state above, the Court should deny all four of defendants' pending motions. If defendants wish to seek relief in this Arkansas State Court, they should file motions in this Arkansas Court premised on Arkansas law, not seek to delay and confuse based on inapposite federal motions made before a Court that found the Defendants never properly invoked its jurisdiction. Class discovery issued in this Arkansas State Court matter is

---

[2] Like other TCPA "junk fax" cases, plaintiff's Complaint makes clear that it seeks recovery of actual injury-in-fact in addition to its statutory remedy, rendering Defendants' argument moot.

outstanding and must be responded to under the Arkansas Rules of Civil Procedure.  A Motion for Class Certification filed in this Arkansas State Court is outstanding and must be responded to under the Arkansas Rules of Civil Procedure.  This is not a complicated procedural case, and Defendants' attempt to present this case as such is without merit.

Dated: September 2, 2016.                     Respectfully Submitted,

                                              By:

                                              STREETT LAW FIRM, P.A.
                                              Alex G. Streett, ABA #65038
                                              James A. Streett, ABA #2007092
                                              107 West Main
                                              Russellville, AR 72801
                                              Phone: 479-968-2030
                                              Facsimile: 479-968-6253
                                              Email: James@StreettLaw.com
                                              Alex@StreettLaw.com
                                              Robert@StreettLaw.com

                                              BRANSTETTER, STRANCH & JENNINGS,
                                              PLLC
                                              Joe P. Leniski, Jr.
                                              (TN No. 22891)(PHV)
                                              The Freedom Center
                                              223 Rosa Parks Avenue, Suite 200
                                              Nashville, Tennessee, 37201
                                              (615) 254-8801
                                              joeyl@bsjfirm.com

                                              **COUNSEL FOR PLAINTIFF**

7

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | | |
|---|---|---|
| DAVIS NEUROLOGY, P.A. on behalf of<br>itself and all other entities and persons<br>similarly situated,<br><br>    Plaintiff,<br>v.<br><br>DOCTORDIRECTORY.COM, LLC,<br>EVERYDAY HEALTH, INC and JOHN<br>DOES 1-10, intending to refer To those<br>persons, corporations or other legal Entities<br>that acted as agents, consultants,<br>Independent contractors or representatives,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  58ov-2016 |

**NOTICE OF FILING NOTICE OF REMOVAL**

TO:    Clerk of Court
       Pope County Circuit Clerk
       100 W. Main
       Russellville, AR 72801

PLEASE TAKE NOTICE that the Notice of Removal to Federal Court of the above-captioned action from the Pope County Circuit Court to the United States District Court for the Eastern District of Arkansas, a copy of which is attached hereto, was filed on September 26, 2016, with the United States District Court for the Eastern District of Arkansas.

DATE: September 23, 2016         Respectfully submitted,

                                 By: _Maria Z. Vathis_

                                 Maria Z. Vathis
                                 Illinois State Bar No. 6276866
                                 BRYAN CAVE LLP
                                 161 N. Clark Street, Suite 4300
                                 Chicago, Illinois 60601
                                 Tel:  (312) 602-5000
                                 E-mail: maria.vathis@bryancave.com

                                 ATTORNEYS FOR DEFENDANTS
                                 DOCTORDIRECTORY.COM, LLC AND
                                 EVERYDAY HEALTH, INC.

1

**EXHIBIT**
**3**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2016, a true and correct copy of the

foregoing document was served via Federal Express Overnight Mail to the Clerk of Court Pope

County Circuit Clerk and via U.S. Mail to the following:

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main
Russellville, Arkansas 72801

Joe P. Leniski, Jr. (TN Bar No. 22891)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 2nd Avenue North, 4th Floor
Nashville, TN 37201

Maria Z. Vathis
Illinois State Bar No. 6276866
BRYAN CAVE LLP
161 N. Clark Street, Suite 4300
Chicago, Illinois 60601
Tel:  (312) 602-5000
E-mail: maria.vathis@bryancave.com

ATTORNEYS FOR DEFENDANTS
DOCTORDIRECTORY.COM, LLC AND
EVERYDAY HEALTH, INC.

2