**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DAVIS NEUROLOGY, P.A.,**                                                      **PLAINTIFFS**
**on behalf of itself and all other**
**entities and persons similarly situated**

**v.**                                **CASE NO. 4:16-CV-00682 BSM**

**DOCTORDIRECTORY.COM, LLC and**
**EVERYDAY HEALTH, INC.**                                                       **DEFENDANTS**

## ORDER

The motion for judgment on the pleadings filed by defendants DoctorDirectory.com LLC and Everyday Health, Inc. in related case number 4:16-CV-00095 [Doc. No. 21], is granted, and plaintiff Davis Neurology's motion for a Rule 16(b) conference and for entry of final scheduling order [Doc. No. 21] is denied as moot.

### I. BACKGROUND

Davis Neurology filed this lawsuit in state court alleging that a fax sent to it jointly by defendants violated 47 U.S.C. § 227, known as the Telephone Consumer Protection Act ("TCPA"), because it was "a mere pretext for advertising the commercial availability or quality of DoctorDirectory.com's services and the collection of users' private information for use in commercial advertising." *See* First Amended Class Action Complaint ¶ 26, Doc. No. 2. Defendants removed the case and filed a motion for judgment on the pleadings, claiming that the fax at issue does not fall within the scope of the TCPA because it was not an advertisement. *See* Case No. 4:16-CV-00095 BSM, Doc. No. 21. The case was remanded for lack of jurisdiction, and it was closed without a ruling on the motion for judgment on the

pleadings. *See* Case No. 4:16-CV-00095 BSM, Doc. No. 24. Once again, the case has been removed. This time, jurisdiction is proper, *see* Case No. 4:16-CV-00682 BSM, Doc. No. 15, and the motion for judgment on the pleadings is now ripe.

According to the complaint, DoctorDirectory.com is a for-profit, privately held, multi-channel pharmaceutical marketing services company that targets the healthcare industry and collects personal contact and internet usage data from users through the use of market research surveys and other means. It then uses this information to deliver customized advertising to users via their website, services, and other digital and offline media channels. Complaint ¶ 11. "By accessing or using any part of DoctorDirectory.com, users agree to the Medical Professional User Agreement and Privacy Policy posted on that website," which states, "Each time you visit the Site or use the Services, you agree and expressly consent to our collection, use and disclosure of the information that you provide as described in this Policy." *Id.* ¶¶ 12, 18.

The one-page fax DoctorDirectory.com sent to Davis Neurology on or about November 17, 2015, offers a $15 honorarium in exchange for the recipient completing a "short study on complimentary alternative medicine." The fax provides a website address (www.DDstudy.com), a project code, and an access key. The fax says, "This invitation is specifically for the person named above [Anthony Davis, MD]. If you are not the person named above and you are interested in completing this study please call us at 800-497-9907 so we may determine your eligibility." It offers the same phone number for technical support and says, "This survey may include a few screener questions to confirm you meet the criteria

for this study. All participants will be paid once for survey completion." The name of the sender, DoctorDirectory.com, appears at the top of the fax as does the label "physician bulletin system." Finally, instructions to be "excluded from future research survey invitations" are located at the bottom of the fax.

## II.  LEGAL STANDARD

Granting a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). The standard for ruling on a motion to dismiss under Rule 12(c) is the same as ruling under Rule 12(b)(6) for failure to state a claim. *See Clowers v. Cradduck*, No. 5:15-CV-05260, 2016 WL 5886893, at *1 (W.D. Ark. Oct. 6, 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences are granted in favor of the non-moving party. *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004). The court, however, is not bound to accept legal conclusions and formulaic recitations as facts, and "factual allegations must be specific enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In deciding a motion for judgment on the pleadings, courts may consider materials

necessarily embraced by the pleadings as well as exhibits attached to the complaint. *Greenman*, 787 F.3d at 887. The fax at issue was attached to the complaint and so was properly considered.

### III. DISCUSSION

The motion for judgment on the pleadings filed by defendants DoctorDirectory.com and Everday Health Inc. is granted because the fax at issue does not discuss commercially available goods or services.

Subject to certain exceptions, the TCPA prohibits the use of a fax to send an "unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). An "unsolicited advertisement" means "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5). Material advertises something if it promotes it for sale. *Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 222 (2015). When "the [good or service] discussed in the fax [is] not available to be bought or sold" then the good or service is not commercially available, and the fax is not an advertisement. *See Sandusky*, 788 F.3d at 222–23; *N.B. Industries, Inc. v. Wells Fargo & Co.*, 465 Fed. Appx. 640, 642 (9th Cir. 2012). The appropriate inquiry under the TCPA is "whether the content of the message is commercial, not what predictions can be made about future economic benefits." *ARcare v. IMS Health, Inc.*, No. 2:16-CV-00080 JLH, 2016 WL 4967810, at *3 (E.D. Ark. Sept. 15, 2016) (citing *Sandusky*, 788 F.3d at 225). "The fact that the sender might gain an ancillary, remote, and hypothetical economic benefit later does

not convert a noncommercial, information communication into a commercial solicitation." *ARcare*, 2016 WL 4967810 at *3.

Statements containing only information, such as industry news articles or research trials and notifications concerning the existence of an opportunity, do not promote the commercial availability of a good or service and are therefore not advertisements under the TCPA. *St. Louis Heart Ctr., Inc. v. Caremark, L.L.C.*, No. 4:12-CV-2151 TCM, 2013 WL 9988795, at *2 (E.D. Mo. Apr. 19, 2013); *Ameriguard, Inc. v. Univ. of Kansas Med. Ctr. Research Inst., Inc.*, No. 06-0369-CV-W ODS, 2006 WL 1766812, at *1 (W.D. Mo. June 23, 2006), *aff'd*, 222 F. App'x 530 (8th Cir. 2007).

A fax that does not blatantly promote a product or service on its face may nonetheless violate the TCPA if it is a precursor or pretext for a future advertisement. *ARcare*, 2016 WL 4967810 at *3; *Caremark*, 2013 WL 9988795 at *3 ("The TCPA does not require that an unwanted and uninvited fax make an overt sales pitch to its recipients in order for a cause of action to exist."). Davis Neurology claims that DoctorDirectory.com and Everyday Health are in the business of advertising, and that the fax at issue was "mere pretext for advertising the commercial availability or quality of DoctorDirectory.com's services." A fax that merely informs its recipient that DoctorDirectory.com exists, however, is insufficient because an advertisement, even a subtle one, requires some bare suggestion or promotion of commercial availability. *See, e.g.*, *Arcare*, 2016 WL 4967810 at *3; *Ameriguard, Inc. v. Univ. of Kansas Med. Ctr. Research Inst., Inc.*, 222 F. App'x 530, 531 (8th Cir. 2007) (affirming dismissal because fax announcing a clinical drug trial and the need for test subjects, standing alone,

does not suggest anything commercial and does not constitute an advertisement under the TCPA as a matter of law); *ARcare*, 2016 WL 4967810 at *1 (dismissing claim where company providing global information and technology services sent fax requesting recipient's contact information).

There are cases in the Eighth Circuit in which trial courts have found that faxes were pretext for advertising. Those cases, however, involved faxes with content suggesting the commercial availability of goods or services. *See Physicians Healthsource, Inc. v. Express Scripts Servs. Co.*, No. 4:15-CV-664 JAR, 2016 WL 1246884, at *2 (E.D. Mo. Mar. 30, 2016) (the fax described the commercial availability of Express Scripts' goods and services and thus constituted an advertisement under the TCPA); *Giesmann v. Am. Homepatient, Inc.*, No. 4:14-CV-1538 RLW, 2015 WL 3548803, at *2 (E.D. Mo. June 8, 2015) (the fax asked the recipient to "make American HomePatient the respiratory provider of choice for your patients"); *Caremark*, 2013 WL 9988795 at *3 (pharmaceutical company sent fax announcing encouraging patient participation in program designed to correct pharmaceutical drug non-adherence); *St. Louis Heart Ctr., Inc. v. Forest Pharm., Inc.*, No. 4:12-CV-02224, 2013 WL 1076540, at *2–4 (E.D. Mo. Mar. 13, 2013) (faxes sent by pharmaceutical company with drug logo and safety information for hypertension drug contained enough in the way of product-driven content to raise an issue of fact as to whether fax was "a pretext for advertising commercial products and services").

Here, the fax suggests nothing commercial. It provides information about a short study. The fax makes clear that individuals interested in participating in the study must be

qualified and screened, which further demonstrates a lack of commercial availability. *See Giesmann*, 2015 WL 3548803 at *3; *Phillips Randolph Enterprises, LLC v. Adler Weiner Research Chicago, Inc.*, 526 F. Supp. 2d 851, 853 (N.D. Ill. 2007) (granting a motion to dismiss). The fax contains no information regarding the services provided by DoctorDirectory.com, and the complaint does not allege that DoctorDirectory.com is in the business of selling alternative medicine, which is the topic of the study offered. DoctorDirectory.com's logo is on the fax, but this is required under the TCPA to identify the sender. *See* 47 U.S.C. § 227(d)(1)(B); *Physicians Healthsource, Inc. v. Stryker Sales Corp.*, 65 F. Supp. 3d 482, 489 (W.D. Mich. 2014). The fax directs the recipient to DoctorDirectory.com's website; however, an informational fax is not transformed into an advertisement simply by directing recipients to a website full of incidental advertisements. *N.B. Indus., Inc.*, 465 F. App'x at 643 ("such *de minimis* advertising is insufficient to transform faxes that were largely permissible into prohibited communications").

## IV. CONCLUSION

For the reasons discussed above, the motion for judgment on the pleadings is granted, the motion for a Rule 16(b) conference and final scheduling order [Doc. No. 21] is denied as moot, and this case is dismissed with prejudice.

IT IS SO ORDERED this 20th day of March 2017.

_____
UNITED STATES DISTRICT JUDGE